IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bradley R. Marshall, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:24-4208-RMG |
| | ) | |
| v. | ) | |
| | ) | |
| United States of American, Department. of Veteran Affairs, Thomas Krug, Robert Madero, Douglas Collins, and John Does 1-10, | ) ) ) ) | |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before the Court is the Report & Recommendation (R&R) of the Magistrate Judge recommending that this Court grant motions to dismiss by Defendants Thomas Krug and Robert Madero (Dkt. No. 32) and Defendants United States of America, Douglas A. Collins, and the Department of Veterans Affairs (Dkt. No. 42). (Dkt. No. 55). Plaintiff filed no timely objections to the R&R. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and grants Defendants' motions to dismiss.

**I.     Background**

This action is brought by Plaintiff, a disbarred attorney acting pro se, who has brought claims against Defendants Krug and Madero for payment for services he alleges he rendered to them as a lay representative in regard to EEOC claims they brought against their employer, the Department of Veterans Affairs in Orlando, Florida. Defendants Krug and Madero are Florida residents. Plaintiff is a resident of South Carolina. Plaintiff has also asserted claims against Defendants United States of America, the Department of Veterans Affairs, and Douglas Collins,

the Secretary of Veterans Affairs, for alleged interference with his contractual relationships with Defendants Krug and Madero.

The Magistrate Judge, in a thorough R&R, recommended that the motions of Defendants Krug and Madero to dismiss the claims against them for lack of personal jurisdiction be granted. (Dkt. No. 55 at 6-8).  The Magistrate Judge further recommended that the claims against Defendants Collins and the Department of Veterans Affairs should be dismissed because Plaintiff's claims are brought against them under the Federal Tort Claims Act, and the sole proper party for such a claim is the United States of America. (*Id*. at 8-9).  Finally, the Magistrate Judge recommends that the claim against the remaining Defendant, the United States of America, should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because the sole remaining claim for tortious interference with contract is exempted from coverage under 28 U.S.C. § 2680(h) of the Federal Tort Claims Act. (*Id*. at 9-12).

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III.  Discussion

The Court finds that the Magistrate Judge properly summarized the factual and legal issues involved in these pending motions to dismiss and correctly concluded that (1) Plaintiff has no personal jurisdiction over Defendants Krug and Madero; (2) Defendants Department of Veterans Affairs and Douglas Collins should be dismissed as improper parties under the Federal Tort Claims Act; and (3) this Court has no subject matter jurisdiction over Plaintiff's tortious interference with contract claim under the Federal Tort Claims Act against the United States. Consequently, the Court finds that the Magistrate Judge correctly concluded that this entire action is subject to dismissal without prejudice.

### IV.  Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R of the Magistrate Judge (Dkt. No. 55) as the order of the Court and **DISMISSES** this action without prejudice.

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　_s/Richard Mark Gergel_
　　　　　　　　　　　　　　　　　　　　　　　　Richard Mark Gergel
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

April 22, 2025
Charleston, South Carolina